**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CESAR GUTIERREZ-LOPEZ,

                    Petitioner,                 Case No. 26-11143

v.                                       Hon. Jonathan J.C. Grey

KEVIN RAYCRAFT, *et al.*,

                    Respondents.

_____/

**<u>OPINION AND ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)</u>**

Before the Court is Petitioner Cesar Gutierrez-Lopez's petition for writ of habeas corpus ("petition"), filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He requests release on bond or that he be given a bond hearing.

As the Respondents state in their response, the Sixth Circuit has recently issued a published opinion on this issue and held that noncitizens like Gutierrez-Lopez are entitled to seek release on bond from an immigration judge under 8 U.S.C. § 1226. (*See* ECF No. 5, PageID.55 (citing *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026).) Respondents contend that Gutierrez-Lopez's claims are now moot because he can request a bond hearing from the immigration

court. Gutierrez-Lopez does not believe *Lopez Campos* renders his cause of action moot. The Court agrees.

The Court recognizes the import of *Lopez Campos*, namely that individuals such as Gutierrez-Lopez are "due individualized bond hearings in light of the significant time they have spent within the interior of the United States." 2026 WL 1283891, at *13. However, *Lopez Campos* does not require such a person to "request" a bond hearing. In any event, Gutierrez-Lopez filed this action seeking a bond hearing, and this Court finds that the filing of this action fulfills any such obligation to request a bond hearing.

For the reasons set forth above, **IT IS ORDERED** that Respondents shall: (1) provide Gutierrez-Lopez with an individualized bond hearing **on or before May 27, 2026**; or (2) immediately release Gutierrez-Lopez if he is not provided such an individualized bond hearing on or before May 27, 2026.

**IT IS FURTHER ORDERED** that, at such individualized bond hearing, the Respondents have the burden of proof and Gutierrez-Lopez must be released on bond unless the Respondents establish by clear and convincing evidence that Gutierrez-Lopez's detention must be continued.

*See Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at **3–7 (E.D. Mich. May 4, 2026).

**IT IS FURTHER ORDERED** that Respondents shall file a status report with this Court **within 48 hours of Gutierrez-Lopez's bond hearing or release, but not later than 3:00 p.m. on May 29, 2026**, certifying compliance with this order. The status report shall inform the Court whether and when Gutierrez-Lopez was released from detention or provided with a bond hearing under 8 U.S.C. § 1226(a). If the bond hearing under 8 U.S.C. § 1226(a) does occur, the status report shall include when the bond hearing was held, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS FURTHER ORDERED** that the government shall produce a transcript of such individualized bond hearing no later than two weeks after the bond hearing is conducted, unless Gutierrez-Lopez is immediately released without such individualized bond hearing or is released pursuant to the individualized bond hearing.

**SO ORDERED.**

Date: May 20, 2026                            **s/Jonathan J.C. Grey**
                                              Jonathan J.C. Grey
                                              United States District Judge

3

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager